# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
November 22, 2010

Lyle W. Cayce
Clerk

No. 10-50148
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

JOSE FELIPE GUERRERO-MONTELONGO,

Defendant - Appellant

Appeals from the United States District Court
for the Western District of Texas
USDC No. 2:09-CR-566-1

Before DAVIS, SMITH, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Jose Felipe Guerrero-Montelongo appeals the 96-month Guidelines sentence he received for illegal reentry under U.S.S.G. § 2L1.2. He asserts that the sentence overstated the seriousness of his criminal history because Section 2L1.2 "double-counts" the defendant's criminal record, using it to determine his offense level and his criminal history score. Guerrero-Montelongo also asserts that his sentence was unjust and undermined respect for the law because illegal reentry is essentially an international trespass offense. Finally, he contends

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that the sentence did not account for his personal history and characteristics, noting that he entered the United States as a youth to find work, spent the majority of his life in the country, and reentered the United States to be with his family.

We review the district court's sentence for reasonableness in light of the sentencing factors in 18 U.S.C. § 3553(a). *United States v. Mares*, 402 F.3d 511, 518-19 (5th Cir. 2005). We apply the abuse of discretion standard, taking into account the totality of the circumstances, and we presume that a sentence within a properly calculated Guidelines range is reasonable. *Gall v. United States*, 552 U.S. 38, 51 (2007); *United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006).

The district court considered the appropriate sentencing factors under Section 3553(a) and Guerrero-Montelongo's arguments for the Guidelines minimum sentence in determining his sentence. The court explained that it was unwilling to impose the Guidelines minimum because of Guerrero-Montelongo's personal history and characteristics, including his past criminal behavior, use of numerous birth dates and Social Security numbers, convictions for delivering controlled substances, and the egregious nature of his prior assault conviction.

A sentence calculated under Section 2L1.2 is not unreasonable because it "double-count[s]" the defendant's criminal history. *See United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir.), *cert. denied*, 130 S. Ct. 378 (2009); *United States v. Mondragon-Santiago*, 564 F.3d 357, 366-67 (5th Cir.), *cert. denied*, 130 S. Ct. 192 (2009); *see also* § 2L1.2, cmt. n.6 (a conviction that triggers the 16-level enhancement may be assigned criminal history points). Nor is a sentence resulting from the 16-level enhancement under Section 2L1.2 unreasonable because illegal reentry arguably is akin to a trespass offense. *See United States v. Aguirre-Villa*, 460 F.3d 681, 683 (5th Cir. 2006). Finally, a sentence calculated under Section 2L1.2 is not unreasonable simply because the alien entered the country to find work, lived in the United States for most of his life, and reentered

to be with his family. *See, e.g., United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008) (holding that a Guidelines sentence was reasonable although the defendant lived in the United States from infancy until age 51 and reentered to visit his father before he died).

The district court reasonably concluded that a lengthy sentence was necessary to achieve deterrence and protect the public in light of Guerrero-Montelongo's extensive criminal record. He has not shown that the court abused its discretion, and he fails to overcome the presumption of reasonableness. *See Gall*, 552 U.S. at 51; *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009), *cert. denied*, 130 S. Ct. 1930 (2010).

AFFIRMED.